FILED
SUPERIOR COURT
OF GUAM

2023 APR -4 AM 11: 38

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

GUAM HOUSING AND URBAN RENEWAL AUTHORITY, DEPARTMENT OF PUBLIC HEALTH AND SOCIAL SERVICES, GOVERNMENT OF GUAM,

Plaintiffs,

v.

REX INTERNATIONAL, INC.; FIRST NET INSURANCE COMPANY; AND DOES 1-30,

Defendants.

Civil Case No. CV0844-20

DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT & MOTION TO STRIKE PORTIONS OF FIRST NET'S OPPOSITION

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 6, 2023 for hearing on plaintiffs' Department of Public Health and Social Services and Guam Housing and Urban Renewal Authority (collectively the "Plaintiffs") Motion for Leave to Amend Complaint ("Motion to Amend") and Motion to Strike Portions of First Net's Opposition ("Motion to Strike"). Attorney Thomas M. Tarpley Jr. represents First Net Insurance Company ("First Net"). Attorney Phillip Torres represents Rex International, Inc. ("Rex International") but was not present. Assistant Attorney General Yusuke Haffeman-Udagawa represents the Plaintiffs. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** the Plaintiffs' Motions to Amend and to Strike.

## BACKGROUND

In 2013, the parties entered into a contract in which Rex International was to construct a Guam Environmental Public Health Laboratory, for use investigating mosquito disease outbreaks (the "Mosquito Lab Facility"). See Complaint at 4 (Nov. 13, 2020). Construction of the Mosquito Lab Facility began in 2014 and ended in 2016. See Decision & Order at 1 (Oct. 4, 2022).

Decision and Order Granting Plaintiff's Motion for Leave to Amend Complaint &
Motion to Strike Portions of First Net's Opposition
CV0844-20, *Guam Housing and Urban Renewal Authority, et. al. v. Rex International, Inc. et. al.*
Page 1 of 9

However, Plaintiffs allege the Mosquito Lab Facility Rex International created failed to meet several of the building requirements specified in the contract. See Complaint at 8-10 (Nov. 13, 2020). Plaintiffs eventually terminated the contract in 2018. Id. at 7.

On November 13, 2020, the Plaintiffs brought suit against Rex International for breach of contract. Id. at 1. The Plaintiffs also filed suit against First Net for breach of surety responsibilities after First Net failed to pay out a Performance and Payment Bond related to Rex International's supposed breach of contract. Id. at 12-14. Plaintiffs claimed $2,178,200 in damages against First Net, the full penal amount under the Performance and Payment Bond. Id. at 14.

On August 4, 2022 the Plaintiffs filed their Motion for Leave to Amend Complaint. Plaintiffs now wish to plead three additional causes of action against First Net, including claims of tortious interference with contract ("Claim Six"), tortious breach of duty of good faith and fair dealing ("Claim Seven"), and contractual breach of implied covenant of good faith and fair dealing ("Claim Eight"). See Motion to Amend (Ex. A: Amended Complaint) at 16-21 (Aug. 4, 2022). The Plaintiffs also requested to remove the Government of Guam as a party in the Amended Complaint. See Motion to Amend at 3 (Aug. 4, 2022).

The Plaintiffs' newly requested claims stem from allegations that First Net purposefully failed to investigate Rex International's supposed contract breach, going directly against their normal business practices. See Motion to Amend (Ex. A: Amended Complaint) at 16-21 (Aug. 4, 2022). Plaintiffs assert this was purposefully done because First Net did not want to damage an ongoing business relationship with Rex International. Id. at 17-18.

On September 23, 2022, First Net filed their Opposition to Plaintiffs' Motion to Amend ("Opposition to Motion to Amend"). First Net believes no good cause exists for the Amended Complaint, and that allowing it would substantially prejudice them by expanding the scope of the trial. See Opposition to Motion to Amend at 2 (Sep. 23, 2022). First Net also asserts the Plaintiffs failed to accurately plead their new claims. First Net believes Plaintiffs failed to state the actual amount of damages suffered, instead blindly requesting the full penal amount of the Performance and Payment Bond. Id. at 3-7. First Net believes Claims Seven and Eight cannot stand because the Guam Supreme Court does not recognize such claims against sureties. Id. at 11-15. First Net also

Decision and Order Granting Plaintiff's Motion for Leave to Amend Complaint &
Motion to Strike Portions of First Net's Opposition
CV0844-20, *Guam Housing and Urban Renewal Authority, et. al. v. Rex International, Inc. et. al.*
Page 2 of 9

challenges these claims as being redundant. Id. at 16. First Net calls Claim Six unfounded, stating they never induced Rex International to breach the contract. Id. at 15-16. Lastly, First Net challenges the claims of negligence and breach of contract against the unnamed Does ("Claims Four and Five"), for not joining the Does and for noncompliance with the Economic Loss Doctrine. Id. at 16-17.

On October 14, 2022 Plaintiffs filed their Reply in Support of Motion to Amend and Motion to Strike. Plaintiffs believe focus should be limited to the three new claims in the proposed Amended Complaint, and that First Net's arguments concerning the already present claims go beyond the scope of the matter. See Motion to Strike at 1-3 (Oct. 14, 2022). When focusing only on the new claims, Plaintiffs believe First Net failed to demonstrate any factors justifying denial of the Amendment Complaint. Id. at 3-4.

On October 26, 2022, First Net filed their Opposition to Motion to Strike. First Net believes they can dispute the entire Amended Complaint, and that opposition is not limited to only the new portions. See Opposition to Motion to Strike at 2-3 (Oct. 26, 2022). First Net proceeds to say that the Plaintiffs failed to plead their causes of action. Id. at 3-7.

On November 28, 2022, Plaintiffs filed their Reply in Support of Motion to Strike. Plaintiffs reiterated that First Net's Opposition to Motion to Amend exceeds the scope of the matter by challenging portions of the original Complaint. See Reply in Support of Motion to Strike at 2 (Nov. 28, 2022). Plaintiffs believe First Net's Opposition to Motion to Amend is structured as a GRCP Rule 12(b)(6) Motion to Dismiss, which should be denied for falling outside the motion filing deadlines. Id. at 4-5.

The Court held a hearing on January 6, 2023. After hearing the arguments of the parties, the Court took the matters under advisement.

## DISCUSSION

**I.  The Court strikes the portions of First Net's Opposition to Motion to Amend which do not concern Claims Six, Seven, or Eight, as only those three claims are the subject of Plaintiffs' Motion to Amend.**

Decision and Order Granting Plaintiff's Motion for Leave to Amend Complaint &
Motion to Strike Portions of First Net's Opposition
CV0844-20, *Guam Housing and Urban Renewal Authority, et. al. v. Rex International, Inc. et. al.*
Page 3 of 9

"Upon motion made by a party within 20 days after the service of the pleading upon the party… the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See GRCP Rule 12(f). GRCP 12(f) substantially mirrors Civil Rule of Procedure Rule 12(f), which courts have utilized to strike oppositions to motions, despite such oppositions not technically being pleadings. See *Davidson v. D.C.*, 2010 WL 11583333, at *3 (D.D.C. June 4, 2010).

Many of First Net's arguments are redundant, immaterial, or otherwise impertinent to the subject at hand. The Plaintiffs seek to add three new claims (Claims Six, Seven, and Eight) to their proposed Amended Complaint. See Motion to Amend (Ex. A: Amended Complaint) (Aug. 4, 2022). The pleadings regarding Claims One through Five remain unchanged. Id.

However, First Net's seventh argument concerns Claims Four and Five, which are not the subject matter of the Amended Complaint. See Opposition to Motion to Amend at 16-17 (Sep. 23, 2022). Even if the Court were to agree with First Net and strike down the Amended Complaint, the original Complaint (containing Claims Four and Five) would still remain. Therefore, First Net's seventh argument in their Opposition to Motion to Amend should be stricken as immaterial.

First Net's first and second arguments in their Opposition to Motion to Amend should also be stricken as immaterial. These arguments challenge whether Plaintiffs have submitted sufficient evidence proving the damages they are requesting. See Opposition to Motion to Amend at 5-8 (Sep. 23, 2022). However, the Court has already addressed these issues via the Decision & Order Denying First Net's Motion for Partial Summary Judgment Re: Damages. The Court ruled that Plaintiffs submitted evidence of $2,988,003 in damages, creating a material factual dispute for a factfinder to rule on. See Decision and Order at 3-4 (Oct. 4, 2022). Even if the Court were to agree with First Net and strike down the Amended Complaint, the original Complaint (and the same requested damages) would still remain. Therefore, First Net's first and second arguments in their Opposition to Motion to Amend should too be stricken as immaterial.

Decision and Order Granting Plaintiff's Motion for Leave to Amend Complaint &
Motion to Strike Portions of First Net's Opposition
CV0844-20, *Guam Housing and Urban Renewal Authority, et. al. v. Rex International, Inc. et. al.*
Page 4 of 9

## II. Standard to Amend Complaints: When Justice So Requires

When a responsive pleading has already been served, as in this case, a party may amend their complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given *when justice so requires.*" See Rule 15(a) GRCP (*emphasis added*). "Leave to amend pleadings should be liberally granted" provided the following factors are not present: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." See *Arashi & Co., Inc. v. Nakashima Enterprises, Inc.*, 2005 Guam 21 ¶ 16 (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. Application:

### a. *Forman* Factor One: Undue Delay, Bad Faith, or Dilatory Motive on the Part of the Movant

The first *Forman* factor to consider is whether there is any "undue delay, bad faith or dilatory motive on the part of the movant". See *Forman* 371 U.S. at 182.

Perceived delays, even those attributable to oversight from the moving party, are alone not sufficient reason to deny motions to amend complaints. See *M Elec. Corp. v. Guam Int'l Trading Corp.*, 2016 Guam 35 ¶ 49 (the non-moving party "must evidence something more than delay based on mere oversight in order to justify a denial of leave to amend."). When bringing motions to amend complaints, timeliness is "relevant only insofar as it suggests either bad faith on the part of the moving party or potential prejudice to the non-moving party should an amendment be allowed." See *Caribbean Broad. Sys. Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1084 (D.C. Cir. 1988).

There is no undue delay here because "undue delay cannot exist where discovery has not ended" and discovery in this case remains ongoing. See *Dauth v.*

Decision and Order Granting Plaintiff's Motion for Leave to Amend Complaint & Motion to Strike Portions of First Net's Opposition
CV0844-20, *Guam Housing and Urban Renewal Authority, et. al. v. Rex International, Inc. et. al.*
Page 5 of 9

*Convenience Retailers, LLC*, 2013 WL 12440997 at *3 (N.D. Cal. Jul. 31, 2013); Amended Discovery Plan and Order (Mar. 23, 2022). Although First Net is likely correct that this proposed amendment will result in the postponement of the trial tentatively scheduled for December, 2023, that alone does not rise to the level of undue delay necessary to block the amendment.

First Net must instead show either bad faith or dilatory motive attributable to the Plaintiffs to block their Amended Complaint. However, the facts indicate that the Plaintiffs acted in good faith, having pursued these new causes of action shortly after their uncovering. See *Dauth* 2013 WL 12440997 at *3 ("Delay is especially damaging... where the facts were previously available and no reason is given for their exclusion from antecedent complaints."). Plaintiffs first learned about these additional causes of action after deposing Jessica Aguero and Nancy Tan, who acted on behalf of First Net, in April and May of 2022. See Motion to Amend at 5 (Aug. 4, 2022); Motion to Amend (Ex. B & C) (Aug. 4, 2022). Only after those depositions did the Plaintiffs become aware of new potential causes of action, as the information was otherwise solely within the possession, custody, and control of First Net and its related companies/employees. See Motion to Amend at 5-6 (Aug. 4, 2022). The Plaintiffs then researched, drafted, and filed their Motion to Amend all within twelve weeks of uncovering these new causes of action. This quick action indicates neither bad faith nor a dilatory motive to delay guided the Plaintiffs in filing their Motion to Amend.

**b.** *Forman* **Factor Two: Repeated Failures to Cure Deficiencies by Amendments Previously Allowed**

The second *Forman* factor to consider is whether there are any "repeated failures to cure deficiencies by amendments previously allowed". See *Forman* 371 U.S. at 182.

This is the Plaintiffs' first request for leave to amend their complaint, so this factor also weighs in favor of granting the Motion to Amend.

Decision and Order Granting Plaintiff's Motion for Leave to Amend Complaint &
Motion to Strike Portions of First Net's Opposition
CV0844-20, *Guam Housing and Urban Renewal Authority, et. al. v. Rex International, Inc. et. al.*
Page 6 of 9

## c. *Forman* Factor Three: Undue Prejudice to the Opposing Party by Virtue of Allowance of the Amendment

The third *Forman* factor to consider is whether there is any "undue prejudice to the opposing party by virtue of allowance of the amendment". See *Forman* 371 U.S. at 182.

The prejudice must be "substantial" if leave to amend is denied on such grounds. See *Dauth* 2013 WL 12440997 at *4. The party opposing amendment bears the burden of showing prejudice. See *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Prejudice is substantial if Defendants "have to radically change their litigation strategy in order to defend against ... new claims". See *Dauth* 2013 WL 12440997 at *4. However, prejudice is not substantial if a Defendant merely incurs additional time and expense. Id. at *4.

Here, the Plaintiffs' new claims arise out of the same subject matter already at issue in this case (First Net's failure to pay out the Performance and Payment Bond). Aside from the strong correlation between existing claims and the new claims, no additional discovery is anticipated regarding these new claims. See Motion to Amend at 7 (Aug. 4, 2022). First Net failed to meet their burden of proving specific prejudice attributable to the Amended Complaint, instead relying on general claims of prejudice credited to time and expense spent litigating the new claims. However, the nature of the litigation will not be substantially altered if leave to amend is granted, and therefore First Net will not suffer substantial prejudice.

## d. *Forman* Factor Four: Futility of Amendment

The fourth and final *Forman* factor to consider is "futility of amendment". See *Forman* 371 U.S. at 182. "A motion to amend is futile when the complaint as amended would be subject to dismissal." See *Lujan v. Calvo Fisher & Jacob LLP*, 2018 Guam 27 ¶ 13. Thus, "a court must analyze the proposed amendment as if it were before the court on a motion to dismiss... The court must accept as true all well-pleaded factual allegations, and view them in the light most favorable to the pleading

Decision and Order Granting Plaintiff's Motion for Leave to Amend Complaint &
Motion to Strike Portions of First Net's Opposition
CV0844-20, *Guam Housing and Urban Renewal Authority, et. al. v. Rex International, Inc. et. al.*
Page 7 of 9

party. The court must then look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Id. at ¶ 13.

Accepting as true all of Plaintiffs' factual allegations and viewing them in the light most favorable to the Plaintiffs, their additional causes of action do support a legal claim for relief. Guam Courts recognize that sureties have a duty to act in good faith, and have accordingly recognized claims of tortious bad faith against sureties. See *Tudor Construction Co. et al. v. Core Tech Int'l Corp. et al.,* CV0513-12, Decision and Order on Motion for Summary Judgment (Feb. 12, 2014). Therefore, the Plaintiffs can legally pursue Claims Seven and Eight.

Neither are claims Seven nor Eight redundant of each other. Claim Seven is based in tort, while Claim Eight is based in contract. See Motion to Amend (Ex. A) at 18-21 (Aug. 4, 2022). The claims are not repetitive, as they both have different elements and theories giving rise to liability.

First Net also failed to demonstrate why Claim Six should not be allowed. The elements of tortious interference with contract are: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." See *Pacific Gas & Elec. Co. v. Bear Stearns & Co.,* 791 P.2d 587, 589-90 (Cal. 1990). The Plaintiffs' proposed Amended Complaint complies with this standard, alleging (1) Plaintiffs and Rex International entered into a contract; (2) First Net has knowledge of this contract; (3) First Net intentionally acted in a manner it knew would disrupt Rex International's ability to perform; (4) Rex International breached the contract; and (5) Plaintiffs suffered damages. See Motion to Amend (Ex. A) at 16-18 (Aug. 4, 2022).

The Plaintiffs have sufficiently laid out allegations detailing claims of tortious interference with contract, tortious breach of duty of good faith and fair dealing, and contractual breach of implied covenant of good faith and fair dealing. See Motion

Decision and Order Granting Plaintiff's Motion for Leave to Amend Complaint &
Motion to Strike Portions of First Net's Opposition
CV0844-20, *Guam Housing and Urban Renewal Authority, et. al. v. Rex International, Inc. et. al.*
Page **8** of 9

(Ex. A: Amended Complaint) at 16-21 (Aug. 4, 2022). Therefore, the amendment is not futile, and triable issues exist here.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Plaintiffs' Motions to Amend and to Strike.

- Portions of First Net's Opposition to Motion to Amend concerning Claims One through Five (specifically, Arguments One, Two, and Seven), shall be stricken as being immaterial.
- Leave is granted to include Claims Six, Seven, and Eight in the Amended Complaint because they all pass the *Forman* factors.
- Leave is granted to remove the Government of Guam as Plaintiff in the Amended Complaint, as no claims have been asserted by or against the Government of Guam.

**IT IS SO ORDERED** this <u>April 4, 2023</u>.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

*Ag , T. Tarnley*
*Torres*

Date: _____ Time: _4/4/23_

_Joseph Bamba, Jr._
Deputy Clerk, Superior Court of Guam

Decision and Order Granting Plaintiff's Motion for Leave to Amend Complaint &
Motion to Strike Portions of First Net's Opposition
CV0844-20, *Guam Housing and Urban Renewal Authority, et. al. v. Rex International, Inc. et. al.*
Page 9 of 9